IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| WILLIAM LEE GRANT, II, | : |
|---|---|
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 19-CV-5607 |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | : |
| Defendant. | : |

## MEMORANDUM

**JOYNER, J.**                                                  **JANUARY 15, 2020**

Plaintiff William Lee Grant, II, who resides in Illinois, filed this p*ro se* civil action against the Central Intelligence Agency and Special Collection Service. Grant seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant him leave to proceed *in forma pauperis* and dismiss his Complaint as frivolous.

## I. FACTUAL ALLEGATIONS

In his Complaint brought pursuant to 42 U.S.C. § 1983, Grant alleges a vast governmental conspiracy against the Central Intelligence Agency and Special Collection Service, asserting that his constitutional rights have been violated under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution.[1]

---

[1] The action filed in this Court is similar to actions that Grant has filed in various federal district courts across the nation during the last few years. In fact, Grant is regarded as "a serial filer of frivolous litigation in various federal courts across the country" and the "vast majority of [these] cases [of which the Court is aware] have been dismissed as frivolous." *Grant v. Central Intelligence Agency*, Civ. A. No. 19-13422, 2019 WL 6218676, at *1 (E.D. Mich. Nov. 21, 2019) (citing *Grant v. U.S. Dep.'t of Transportation*, 2019 WL 1009408, at *1 (E.D. Tex. Jan. 28, 2019), *report and recommendation adopted at* 2019 WL 1003641 (E.D. Tex. Mar. 1, 2019); *see also Grant v. United States Dep.'t of Defense*, 770 F. App'x 121, 122 (4th Cir. 2019) (dismissing appeals as frivolous, sanctioning Grant "for filing frivolous appeals," and "enjoin[ing] him from filing any further actions in this court unless he pays the sanctions and a district court finds that

1

In the initial pages of his Complaint, Grant avers that "Commander-In-Chief (Ronald Reagan) directed the Secretary of Defense to create Mr. Grant to predict future nuclear attacks" and following his creation "in 1990 at Air Force Systems Command," he was transferred "to the basement of the Pentagon." (ECF No. 2 at 5.)[2] Grant asserts that two years later the Secretary of Defense dropped him and two other individuals off in Springfield, Illinois "to be beaten; endure psychological warfare; and to be the DOD's witness to the 9/11 terrorist attacks." (*Id.*)

Grant's allegations become more unbelievable as his Complaint continues including, among other things, the following assertions:

- "Mr. Grant was forced to stab Dr. Grant in 2002, or the Office of the Secretary of Defense would have sent someone to kill Dr. Grant";
- "Mr. Grant was forced to 'act gay' from December 9, 2008 until 2016";
- "The DOD stole nearly thirty (30) years of Mr. Grant's life to bring this action";
- "Hillary Rodham Clinton killed Vince Foster";
- "Bill Clinton is a serial rapist";
- "Philip Mountbatten 'ordered' the assassination of Diana, Princess of Wales";
- "Courtney Love killed Kurt Cobain"; and
- "The Central Intelligence Agency (CIA) killed John F. Kennedy."

(*Id.* at 3, 6-11.) For these alleged wrongful actions and others, Grant seeks "$99 trillion in damages." (*Id.* at 12.)

---

the action is not frivolous"); *Grant v. Harris*, 2019 WL 1510008, at *1 (W.D. Va. Apr. 5, 2019) ("Grant has been recognized as a frequent filer of frivolous litigation in federal courts throughout the country").

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

## II. STANDARD OF REVIEW

Because it appears that he is incapable of paying the fees necessary to commence this action, Grant will be granted leave to proceed *in forma pauperis*. Accordingly, Grant's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which requires the Court to dismiss the Complaint if it frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* Factual allegations that are "fanciful," "fantastic," and "delusional" are considered "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). As Grant is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Additionally, Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted). A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

## III. DISCUSSION

The Court has carefully reviewed Grant's Complaint and concludes that it is both frivolous and fails to state a claim upon which relief can be granted. His allegations of a vast governmental conspiracy are fanciful and delusional. Several other courts have reviewed similar pleadings and have concluded that Grant's allegations are frivolous. In fact, as recently noted by the United States District Court of Utah,

> Mr. Grant's pleading contains a host of fanciful accusations. These range from individuals directing his dentist to "drill the enamel off" of his teeth, forcing Mr. Grant "to stab Dr. Grant" his father and to "act gay for more than seven years", to the State of Illinois denying his prior civil rights complaint and retaliating against him. Other accusations include Dick Cheney lobbying for the invasion of Iraq and profiting off the war in Iraq. And, other claims of Hillary Clinton killing Vince Foster, O.J. Simpson being guilty of killing Nicole Brown Simpson and Ronald Goldman and the Central Intelligence Agency (CIA) killing John F. Kennedy. **In short, Mr. Grant's complaint is frivolous. There is no interpretation of these assertions, along with the cadre of others he makes, that even under the most liberal construction possibly afforded a pro se plaintiff by which the court can decipher a cognizable claim.** The complaint centers on baseless assertions of government conspiracy and is a collection of factual allegations that are fanciful, fantastic and delusional.

*Grant*, 2019 WL 6218676, at *1 (citing *Grant v. Central Intelligence Agency*, 2019 WL 5847138, at *2 (D. Utah Oct. 17, 2019) (emphasis added), *report and recommendation adopted at* 2019 WL 5802693 (D. Utah Nov. 7, 2019); *Grant v. Central Intelligence Agency*, 2019 WL 5391470, at *1 (S.D. Ill. Oct. 22, 2019) ("Here, the fundamental problem is that Grant's allegations are frivolous. Grant detailed his attempts to file a similar rendition of this complaint on numerous occasions before courts across the country, including previously in this Court [ ]. Nothing about this most recent filing before the Court transforms his claims from frivolous to non-frivolous."); *Grant v. Central Intelligence Agency*, 2019 WL 6050830, at *2 (E.D. Mo. Nov.

15, 2019) ("Plaintiff's claims are based upon allegations of espionage and conspiracy that are fanciful, fantastic, or delusional, or that rise to the level of the irrational or wholly incredible. The Court concludes that the allegations are clearly baseless.... Additionally, this case appears to be part of a pattern of abusive litigation that plaintiff has recently engaged in all over the country. The Court will therefore dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)."). Grant's Complaint will be dismissed as frivolous.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Grant leave to proceed *in forma pauperis* and dismiss his Complaint. As it appears amendment would be futile, especially in light of Grant's litigation history across the nation, the Court will dismiss this case with prejudice. Grant should note that the repeated filing of duplicative lawsuits raising claims that the Court has already addressed and dismissed may result in restrictions on filing privileges in the future. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process."). An appropriate Order follows, which shall be docketed separately.

                                           **BY THE COURT:**

                                                     s/ J. Curtis Joyner

                                         **J. CURTIS JOYNER, J.**